EX PARTE, MIGUEL JOSÉ ARSUAGA, peticionario y apelante.

No. 5417.—*Sometido:* Marzo 27, 1931. *Resuelto:* Abril 8, 1931.

*Rafael Arce,* abogado del peticionario y apelante.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Miguel José Arsuaga, como padre de los menores Juan Alberto, Miguel Angel, Lorenzo, Alfonso y Rafael Arsuaga Roure, con patria potestad sobre ellos, acudió a la corte de distrito de Arecibo en solicitud de autorización para vender los condominios que tenían dichos menores en dos fincas rústicas radicadas en término municipal de Manatí. La corte concedió la autorización fijando el precio de los condominios y ordenando la subasta, y que se depositara el montante que se obtuviera en ella en la secretaría de la corte para disponer del mismo, con intervención fiscal, en adquisición de una casa u otro inmueble o hipoteca.

Se llevó a cabo la subasta, y se depositó el montante que tocaba a los menores en la secretaría de la corte. Pocos días después el promovente pidió que el depósito se hiciera en la sección de ahorros de un banco, y así se dispuso e hizo.

De nuevo acudió a la corte el Sr. Arsuaga, para pedir que se hiciera la inversión de la suma perteneciente a sus hijos en otra forma. El Sr. Arsuaga tenía a su favor una primera hipoteca sobre una finca urbana, casa de madera, en la calle del Rosario, en Caguas, por dos mil dollars de capital con interés al 9 por ciento anual; el Sr. Arsuaga proponía tomar a préstamo a sus hijos los $1,900, con interés al 9 por ciento anual por el tiempo que restaba para vencer la hipoteca, garantizándoles el pago con una subhipoteca de la antes indicada, con las mismas garantías. El fiscal se opuso por no parecerle conveniente para los menores una negociación de la que resultaría que el acreedor (?) hipotecario sería el propio padre de los menores, y el mismo que tendría que ejercitar las acciones necesarias en caso de que no se cumpliera lo que se convenía en el contrato de subhipoteca. La

corte declaró sin lugar la petición. Y de ello apela ante nosotros el Sr. Arsuaga.

Dos errores se señalan por el apelante. El primero de manifiesto abuso de discreción, en perjuicio de los intereses del padre solicitante, y de los mismos menores. Y el segundo de infracción del artículo 225 del Código Civil.

No son los intereses del padre solicitante materia de importancia alguna en casos como el presente. Antes parece que tales intereses deben ser descartados y separados por la corte en su actuación cuando se trata de bienes de menores. Si el padre ha hecho los gastos de tramitación del expediente de utilidad y necesidad y otros, ello es parte de su deber para con sus hijos, si bien puede cobrar, de los intereses de la suma obtenida, o del mismo capital, lo que gastó. Ninguna corte se negaría a autorizar tal pago. Los gastos de educación de los menores son parte de los deberes que impone la patria potestad, así como los de alimentación y vestido; y no pueden invocarse, máxime cuando el apelante alega que por razón de su cargo y los emolumentos del mismo, puede atender a tales gastos.

En cuanto a la tendencia y alcance de la Ley de 9 de marzo de 1911, que se califica por el apelante de resultado desastroso en lo que atañe a las relaciones de familia, es un hecho que en cuanto al producto de las ventas de bienes de menores, ella ha encargado de una manera indubitable, la inversión a la corte, y no al padre, madre o tutor. Si esto invade el sagrado de la familia, o restringe la autoridad y potestad de los padres, no es punto que hemos de resolver. La ley, generalmente, responde al principio filosófico de justicia, y a las circunstancias y época en que se dicta. El legislador estimó conveniente extender la autoridad de los tribunales; y así lo hizo.

No creemos en la infracción, por la corte, del artículo 225 del Código Civil. El texto legal es éste:

"Los bienes que el hijo no emancipado haya adquirido o ad-

quiera con su trabajo o industria, o por cualquier título lucrativo, pertenecen al hijo en propiedad, y en usufructo a los padres que les tengan en su potestad y compañía; pero si el hijo, con consentimiento de sus padres, viviere independientemente de éstos, se le reputará para todos los efectos relativos a dichos bienes, como emancipado, y tendrá en ellos el dominio, el usufructo y la administración.''

Esta disposición de la ley da a los padres el usufructo de los bienes allí señalados; derecho que no es afectado por la resolución de que se apela. La cuestión de inversión de producto de venta de bienes de los hijos, es materia regida por la Ley de 1911, que antes se cita.

Constituir a los hijos en acreedores de su padre, bajo la garantía de una hipoteca, es indiscreto. Y la corte que niega tal petición, procede discreta y prudentemente.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Wolf no intervino.